UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


REYNALDO RODRIGUEZ :
:
v. : C.A. No. 08-316S
:
A.T. WALL, Director of :
Department of Corrections :


**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge:


Before this Court is Reynaldo Rodriguez's (the "Petitioner") Petition for Writ of

Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254.  (Document No. 1).  Petitioner

filed his pro se Petition, on August 22, 2008 (Document No. 1), to which the Respondent,

State of Rhode Island, filed a timely response on September 17, 2008 in the form of a Motion

to Dismiss. (Document No. 3).

Petitioner claims that his state court convictions for possession of a controlled

substance (heroin) with the intent to deliver and possession of drug paraphernalia with intent

to deliver were unconstitutional. The Petition has been referred to me for preliminary review,

findings and recommended disposition.  See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a).  The

Court has determined that no hearing is necessary.  After reviewing the Petition and the legal

briefs and exhibits filed by both parties, this Court recommends that the State's Motion to

Dismiss (Document No. 3) be GRANTED and the Petition (Document No. 1) be DENIED

and DISMISSED.

**Facts and Travel**

Petitioner was convicted by a jury in the Rhode Island Superior Court of possession of a controlled substance (heroin) with the intent to deliver, conspiracy to possess a controlled substance with intent to deliver.  The facts underlying Petitioner's convictions are set forth in State v. Rodriguez, 798 A.2d 435 (R.I. 2002), in which the Rhode Island Supreme Court ("RISC") affirmed the conviction in part and reversed the conviction in part. The RISC upheld the convictions for possession of a controlled substance with intent to distribute and possession of drug paraphernalia with intent to deliver, stating that they were supported by the evidence.  Id.  The State conceded that the evidence at trial was legally insufficient to support the conspiracy conviction and thus the RISC vacated the conspiracy conviction.  Id. at 436.

Petitioner was sentenced to 25 years, 15 years to serve and 10 years suspended. (Document No. 1 at 2).  A portion of the Petitioner's sentence on the drug possession charge was imposed under the habitual offender statute.  State v. Rodriguez, 798 A.2d at 436. Following the RISC's decision, Petitioner filed an Application for Post Conviction Relief in the Rhode Island Superior Court in which the sole issue presented was whether defense counsel's failure to present the testimony of alleged co-conspirator Emiliano Pagan, at trial, constituted ineffective assistance of counsel, thus warranting a new trial.  (Document No. 3 at 3.)  The Superior Court denied his claim, and the denial was affirmed by the RISC on February 4, 2008.  See Rodriguez v. State, 941 A.2d 158 (R.I. 2008).

Petitioner now seeks habeas corpus review of his convictions by this Court. The
Petition sets forth three grounds: (1) ineffective assistance of counsel for failing to call a
witness [Pagan], or, in the alternative, to introduce Pagan's prior affidavit or previous
testimony; (2) ineffective assistance of counsel for his counsel's strategy in implicating Leo
Cronan, Jr.; and (3) the existence of a conspiracy between his trial counsel and the
prosecution to frame him for the crimes.  (Document No. 1 at 1-4).  Petitioner provided the
Court with factual and legal arguments regarding some, but not all, of these grounds.
(Document Nos. 1 and 6).

**Discussion**

**I.      Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §
2254, restricts the power of federal courts to grant habeas relief to prisoners. In analyzing
Petitioner's claims, the Court is guided by 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State
> court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States;...

In determining what constitutes an "unreasonable application" of federal law, this
Court looks to McCambridge v. Hall, 303 F.3d 24 (1st Cir. 2002).  McCambridge states that
"'some increment of incorrectness beyond error is required'...[in an amount] great enough to

make the [state court's] decision unreasonable in the independent and objective judgment of the federal court..." Id. at 36 (quoting Francis S. v. Stone, 221 F.3d 100, 111 (2nd Cir. 2000)). For example, a federal court may find a decision of a state court to be "unreasonable" if that decision is "devoid of record support for its conclusions or is arbitrary." Id. at 37 (citing O'Brien v. Dubois, 145 F.3d 16, 25 (1st Cir. 1998)). In Williams v. Taylor, 529 U.S. 362, 411 (2000), the Supreme Court noted that an "incorrect" application of federal law is not necessarily tantamount to an "unreasonable" one: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." See also Ellen v. Brady, 475 F.3d 5, 8 (1st Cir. 2007) ("In making this evaluation...,we do not focus on the quality of the [state] court's reasoning but rather on the reasonableness of the outcome.").

Another category of state court errors that may be remedied on federal habeas review involves unreasonable determinations of fact. See 28 U.S.C. § 2254(d)(2). Under this standard, the state court's factual findings are entitled to a presumption of correctness that can be rebutted only by clear and convincing evidence to the contrary. Mastracchio v. Vose, 274 F.3d 590, 597-598 (1st Cir. 2001) (describing burden on habeas petitioner as a "high hurdle"). "To state a federal habeas claim concerning a state criminal conviction, the petitioner must allege errors that violate the Constitution, laws, or treaties of the United States." Evans v. Verdini, 466 F.3d 141, (1st Cir. 2006) (citations omitted). "[F]ederal

habeas corpus relief does not lie for errors of state law...." Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

## II.      Petitioner's Grounds for Relief

## A.      Ineffective Assistance of Counsel

Petitioner makes two claims of ineffective assistance of counsel: (1) trial counsel's failure to call Pagan as a witness or, in the alternative, failing to introduce his Affidavit or previous testimony; and (2) trial counsel's strategy to implicate Cronan. (Document No. 1 at 6). Only the first claim was presented in Petitioner's Post Conviction Relief Application. See Rodriguez, 941 A.2d 158.

### 1.      Failure to Call Pagan as a Witness

Strickland v. Washington sets forth the applicable standard for reviewing claims of ineffective assistance of counsel. 466 U.S. 668 (1984). Strickland requires not only that counsel's performance be deficient, but that counsel's deficient performance prejudice the petitioner. See 466 U.S. at 687. Moreover, in Strickland, the Court stated that "the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." In this case, Petitioner's claim falls far short of meeting this "heavy burden." Williams, 529 U.S. at 393.

Applying Strickland to counsel's performance, "[j]udicial scrutiny of counsel's performance must be highly deferential....A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at

689.  See also Wiggins v. Smith, 539 U.S. 510, 523 (2003) (quoting Strickland, 466 U.S. at

689) ("[E]very effort [must] be made to eliminate the distorting effects of hindsight").  On

the basis of the limited facts outlined by Petitioner and considering the deferential standard of

review, this Court concludes that Petitioner has not established ineffective representation

under the Sixth Amendment.

Pagan was charged with the same three offenses as Petitioner and, on June 24, 1997,

Pagan plead nolo contendere to all of the charges including a charge of conspiring with

Petitioner.  Rodriguez, 941 A.2d at 161.  Several months after his nolo plea, Pagan

purportedly swore to an affidavit in which he exculpated Petitioner by claiming sole

possession of the drug evidence and providing an innocent explanation for how Petitioner's

fingerprints came to be on the evidence.  Pagan apparently testified consistently in a July 7,

1998 Superior Court hearing.

The Superior Court concluded that Pagan's Affidavit would not have been admissible

at trial because it was never authenticated, nor were his statements subject to cross-

examination.  Id.  The trial justice also found that there was insufficient evidence that Pagan

was unavailable to testify at trial which was a necessary predicate to the admission of his

prior testimony.  Id.  Even if Pagan was available to testify, his testimony would not have

explained other incriminating evidence, and it would have been inconsistent with Petitioner's

primary defense theory that Cronan alone possessed the contraband.  Id.  The RISC also

pointed out the obvious, that Pagan's testimony "undoubtedly would have provided the state

with fertile opportunities for cross-examination."  Id. at 162.  It noted Pagan's criminal

history and the incriminating inference drawn from the fact that Pagan pled <u>nolo contendere</u> to conspiring with Petitioner to commit the charged drug offenses. <u>Id.</u> Finally, defense counsel had a preview of Pagan's testimony at a hearing in Superior Court where the hearing justice described the testimony as "highly incredible." <u>Id.</u> at 160. Defense counsel cannot be faulted (even with the benefit of hindsight) for not calling Pagan.

The RISC strictly and reasonably applied the dictates of <u>Strickland</u> to Petitioner's ineffective assistance claim. It reasonably and correctly found the challenged actions of defense counsel "to be tactical decisions clearly within the bounds of what is constitutionally required to constitute effective assistance of counsel." <u>Id.</u> at 163. Petitioner has shown no basis for relief under § 2254. Accordingly, Petitioner's first claim of ineffective assistance of counsel does not merit further consideration, and should be dismissed.

### 2.      Trial Counsel's Strategy to Implicate Cronan

Petitioner also claims ineffective assistance of counsel regarding defense counsel's strategy in attributing possession of the unlawful items solely to Cronan. (Document No. 1). Cronan was Petitioner's uncle by marriage and was the Director of the Recreational Center where the contraband was seized pursuant to a search warrant. Cronan was the initial target of the investigation, but the attention shifted to Petitioner and Pagan when their fingerprints were found on certain of the seized items associated with the use and distribution of heroin. There was also circumstantial evidence implicating Petitioner, such as evidence that he had access to the Recreational Center. Petitioner's Post Conviction Relief Application did not

allege ineffective assistance of counsel for his trial counsel's strategy of deflecting criminal culpability to Cronan.  See Rodriguez, 941 A.2d at 160.

Under 28 U.S.C. § 2254(b)(1)(A), the applicant is required to "exhaust[ ] the remedies available in the courts of the State...."  Since Petitioner did not raise these claims in state court, they are unexhausted.  Accordingly, the claim is procedurally defaulted for purposes of habeas corpus review.  See Williams v. Bagley, 380 F.3d 932, 966-967 (6th Cir. 2004).  Thus, this claim fails as a matter of law.

### B.   Alleged Conspiracy Between Defense Counsel, Prosecution and Police to Frame Petitioner for Crimes

Petitioner alleges that his trial counsel (John M. Cicilline), the Prosecutor (Matthew Dawson) and a Police Detective (Joseph Lennon) conspired against him to seal his conviction.[1]  (Document No. 1 at 16).

Petitioner provides absolutely no factual support for these strong allegations.  Absent any factual support, the Court concludes that the conspiracy allegations are an opportunistic attempt by Petitioner to profit from the legal troubles of his former defense counsel.  This unsupported claim is deficient pursuant to Rule 2(c)(2) of the Rules Governing Section 2254 cases. The Rules Governing Section 2254 cases are clear and set forth the basic requirements for a Petition for Writ of Habeas Corpus.  Rule 2(c) states that  "[t]he petition must (1)

---

[1]  Petitioner states "anyone can see that this now, notoriously villainous Attorney Cicilline Jr, was in kahoots [sic] with his cronyism friends to seal my conviction.  His elaborate plannings was to serve one purpose and that was to make sure that his strategic orchestrations was to have me convicted." (Document No. 1 at 9).  Petitioner goes on further to say "[p]lease be advised that I have filed this form on my own and in hopes of being vindicated by a court of justice on behalf of a group of villainous attorneys, and police detective who together, orchestrated my conviction for their own beneficial reasons in a very stigmatized conduct towards the judicial system with complete disregards for the (oath) they took to serve under, 'God'".  Id. at 20.

specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten or legibly handwritten; and (5) be signed under penalty of perjury...." These basic requirements apply to any petitioner, whether pro se or represented by counsel and benefit both the Court and the petitioner by providing a uniform system for the filing and review of habeas actions. See Advisory Committee Notes to Rule 2(c). Petitioner did not follow the basic requirements of the rules. Petitioner's conspiracy claim is conclusory and fails under Rule 2(c)(2) for want of supporting facts.

Furthermore, this claim fails because Petitioner did not exhaust his state court remedies. Under 28 U.S.C. § 2254(b)(1)(A) the applicant is required to "exhaust[ ] the remedies available in the courts of the State...." Since Petitioner did not raise these claims in state court, they are unexhausted, and the claim is procedurally defaulted for purposes of habeas corpus review. See Williams, 380 F.3d at 966-967. Accordingly, this claim fails as a matter of law.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 3) be GRANTED and Petitioner's Petition for Writ of Habeas Corpus (Document No. 1) be DENIED and DISMISSED and that the District Court enter final judgment in favor of Respondent. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner

constitutes waiver of the right to review by the District Court and the right to appeal the

District Court's decision.   See United States v. Valencia-Copete, 792 F.2d 4, 6 (1ˢᵗ Cir.

1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1ˢᵗ Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 5, 2008